

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                                    MISCELLANEOUS ACTION

FRANK J. MARCONE                                              NO. 08-164

FILED
FEB 1 0 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

ORDER

AND NOW, this 18th day of February, 2009, after careful consideration by this Court of Frank J. Marcone's Answer to the Order to Show Cause why he should not be subject to discipline by this Court for the unauthorized practice of law as set forth in the June 30, 2008 Memorandum Opinion of Magistrate Judge David R. Strawbridge in <u>Schutter v. Herskowitz</u>, Civ. A. No. 07-3823; the hearings held by a committee of this court, composed of Judge John R. Padova, Judge Bruce W. Kauffman, and Judge Juan R. Sanchez on November 21 and December 29, 2008; the Committee's Report and Recommendation and Supplemental Report and Recommendation; and Mr. Marcone's objections to the Supplemental Report and Recommendation; **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Mr. Marcone's Objections to the Supplemental Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation, as amended by the Supplemental Report and Recommendation, is **APPROVED** and **ADOPTED**;

3. Mr. Marcone is suspended from the practice of law in this Court for a period of two years effective thirty (30) days from the date of this Order.

4. Mr. Marcone may not apply for reinstatement under Rule VII(C) of Local Rule 83.6 until he has become a member in good standing of the bar of the Supreme Court of Pennsylvania.

5. Mr. Marcone shall comply with the following requirements, within ten (10) days of the effective date of this Order:

(a) Mr. Marcone shall promptly notify, or cause to be notified, by registered or certified mail, return receipt requested, all clients being represented in pending matters, other than litigation or administrative proceedings, of his suspension and his consequent inability to act as an attorney after the effective date of his suspension and shall advise said clients to seek legal advice elsewhere.

(b) Mr. Marcone shall promptly notify, or cause to be notified, by registered or certified mail, return receipt requested, all clients who are involved in pending litigation or administrative proceedings, and the attorney or attorneys for each adverse party in such matter or proceeding, of his suspension and consequent inability to act as an attorney after the effective date of his suspension. The notice to be given to the client shall advise the prompt substitution of another attorney or attorneys in his place. In the event the client does not obtain substitute counsel before the effective date of Mr. Marcone's suspension, it shall be Mr. Marcone's responsibility to move in the court in which the proceeding is pending for leave to withdraw.

(c) Mr. Marcone shall not accept any new retainer or engage as attorney for another in any new case or legal matter of any nature after the entry date of this Order. However, during the period from the entry date of this Order and its effective date, he may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

(d) Within ten days after the effective date of this Order, Mr. Marcone shall file with the Clerk a verified statement showing that the provisions of this Order and these restrictions have been fully complied with and such statement shall also set forth Mr. Marcone's residence or other address where communications may thereafter be directed.

BY THE COURT:

*Harvey Bartle* (signature)

Harvey Bartle III, Chief Judge

2/18/09 Mailed to:
Samuel C. Stretton, Esq.